TOWNSHIP OF TEANECK, GEORGE M. CADY, COMPLAIN-ANT-RESPONDENT, v. JUNIOR COLLEGE OF BERGEN COUNTY, DEFENDANT-PROSECUTOR.

Submitted May 6, 1947—Decided February 16, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *George F. Losche.*

For the respondent, *Donald M. Waesche.*

The opinion of the court was delivered by

DONGES, J.   This writ of *certiorari* brings up for review the conviction of the prosecutor, Junior College of Bergen County, for a violation of an ordinance of the Township of Teaneck with respect to the maintenance and operation of a building used by the college for the housing of students.

The principal attack is upon the sufficiency of the complaint.   The complaint itself reads as follows:

"George M. Cady, Superintendent of Building, in the Township of Teaneck, being duly sworn complains that on the 6th day of November, 1946, at Teaneck aforesaid, Junior College of Bergen County, of No. 1000 River Road, Teaneck, New Jersey, did violate an ordinance of said Township, entitled 'An Ordinance regulating the conversion of buildings for the use and occupancy of dormitories, kindergartens, nurseries, convalescent homes and homes for the aged; providing details of construction and operation; limiting the height and use of such buildings; specifying minimum exit requirements and protection of same; requiring certain fire

extinguishing equipment; specifying means for hearing, lighting and minimum sanitary requirements; requiring the licensing of owners or operators after approval by the Superintendent of Building, Chief of the Fire Department and the Health Officer, providing for inspections by the Chief of the Fire Department and the Health Officer, and specifying penalties for violation or non-compliance' known as Ordinance No. 830 which said Ordinance was approved on May 7th, 1946, in the following manner, viz.: That the said Junior College of Bergen County, a corporation of the State of New Jersey, did fail and refuse to protect the cellar or basement ceiling in the building located on Lot 9 in Block 26 on the Official Tax and Assessment Map of the Township of Teaneck (Hart Estate, 797 Cedar Lane), used as a rooming house or dormitory by the Junior College of Bergen County so as to prevent the spread of fire, in that it failed and refused to cover said ceiling with fire resistance material as required in Section 4 of the aforesaid ordinance."

The ordinance, entitled as above quoted in the complaint, provides in section 4, the section under which the charge was made, as follows:

"Section 4. All buildings other than of fireproof or semi-fireproof construction shall have all vertical openings, such as laundry chutes and dumbwaiter shafts, extending to cellar or basement and between occupied floors enclosed in partitions consisting of 2 in. by 4 in. wood studs protected on both sides with not less than ¾ in. of cement or gypsum plaster on metal or gypsum lath; or in lieu thereof any form of construction affording equal resistance to fire. All stairways between floors shall be so constructed as to prevent the spread of fire by the use of such partitions. The door openings in all such partitions shall be protected by Class B. fire doors listed by Underwriters' Laboratories, Inc., and equipped with reliable self-closing devices. The cellar or basement ceiling shall be protected by construction equal in fire resistance to ¾ in. of cement or gypsum plaster on metal or gypsum lath."

The violation claimed was that there was a failure to protect the basement ceiling by fire resistant materials as specified in section 4 of the ordinance.

It will be observed that the gravamen of the offense attempted to be charged was the failure to protect in the manner prescribed a building *"other than of fireproof or semi-fireproof construction."* The complaint does not charge that the building in question was of other than fireproof or semi-fireproof construction. It mentions the building located on the certain lot in the certain block but does not allege anything concerning the character of such building. Nor is there anything in the testimony from which the character of the construction could be determined other than the photographs depicting only the exterior of the building.

The acts of the defendant and the physical circumstances and condition of the building necessary to constitute a violation of the ordinance must be stated in the complaint. Here, as in *Apter* v. *Newark,* 6 *N. J. Mis. R.* 554, the character of the building was an element of the offense charged, and in that case it was held, "The character of the place is an essential fact to be alleged in the complaint and to be set forth in the conviction." Such an esential element must likewise be established in the evidence. The ordinance under which the present conviction was had applied, in the section with which we are concerned, to buildings other than of fireproof or semi-fireproof construction. It is not alleged or proved that the building operated by the prosecutor was such a building. There was therefore a fatal lack of allegation and proof to sustain a conviction for violation of this section of the ordinance.

It is contended by defendant that the question is moot because the fine imposed following conviction was paid. Whatever effect the voluntary payment of the fine may have upon the right to recover it, it does not preclude the review of the judgment of conviction.

We find it unnecessary to deal with the other questions raised. The conviction is set aside.